## Case No. 14,567.

UNITED STATES v. BENDER.

[5 Cranch, C. C. 620.][1]

Circuit Court, District of Columbia. Nov. Term, 1839.

GUARDIAN—ACTION UPON BOND—JURISDICTION TO TAKE BOND — MONEY RECEIVED OUT OF DISTRICT—NOTES TAKEN.

1. In debt upon a guardian's bond taken by the orphans' court of the county of Washington, this court refused to permit the defendant to show by testimony that no land descended nor was devised to the orphan in that county, and that he was not entitled to a distributive share of the personal estate of any intestate, or to a legacy or bequest under a last will and testament of any person on whose personal estate any administration had been granted in that county, and that no friend of the orphan had applied to the orphans' court to require the guardian to give bond; in order to show that that court had not authority or jurisdiction to take the bond.

[Cited in De Kraft v. Barney, Append. Fed. Cas.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. A guardian here is liable to account for money of his ward received in Maryland for land sold in Maryland.

3. If a guardian receive a promissory negotiable note in payment of a debt due to his ward, such guardian is liable for the same to his ward, although the money has not been received by him.

Debt against the defendant [Jacob A. Bender], as surety in a bond given by Walter Gody, (the father and natural guardian of John W. Gody,) by order of the orphans' court of the county of Washington.

Upon the trial, Mr. Bradley, for the defendant, in order to show that the orphans' court had no jurisdiction or authority to require and take the bond, offered evidence to prove that no land descended nor was devised to the orphan in that county, and that he was not entitled to a distributive share of the personal estate of any intestate, or to a legacy or bequest under a last will and testament of any person on whose personal estate any administration had been granted in that county; and that no friend of the orphan had applied to the orphans' court to require the guardian to give bond for the performance of his trust.

But THE COURT (MORSELL, Circuit Judge, contra) refused to permit such evidence to be given.

Mr. Bradley then prayed the court to instruct the jury, that if from the evidence, they should believe that the money was received by the said Walter Gody, (the guardian,) in Maryland, the plaintiffs cannot recover in this action.

Which instruction the court refused to give.

Mr. Bradley further prayed the court to instruct the jury, that if from the evidence they should find "that the money was not paid to, nor received by the said Walter Gody, his agent or attorney, the plaintiff is not entitled to recover."

But THE COURT refused to give the said instruction unless with this addition; namely, "unless the jury should be satisfied by the evidence that the said note was given by the said Cox to the said Walter Gody, and by him received in satisfaction of the money which the said Cox was ordered by the orphans' court of Charles county in Maryland, to pay over to the said Walter Gody as aforesaid."

Mr. Marbury and Brent & Brent, for the United States.

Mr. Bradley and Mr. Fendall, for defendant, upon the question whether the defendant was liable for money received by his principal in Maryland, cited U. S. v. Nicholls, in this court at March term, 1833 [Case No. 15,876]; Kraft v. Wickey, 4 Gill & J. 332; Burch v. State, Id. 452; Williams v. Storrs, 6 Johns. Ch. 353; Muir v. Wilson, 1 Hopk. Ch. 512; Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 46, 3 Instructor Clericalis, 89; Miller v. Stewart, 9 Pet. [34 U. S.] 608; U. S. v. Jones, 8 Pet. [33 U. S.] 418, 419; U. S. v. Bradley, 10 Pet. [35 U. S.] 351; Story, Conff. Laws, 414,

415; Rob. Succ. 76, 345, 346; Act Cong. June 24, 1812 [2 Stat. 755]; Fenwick v. Sears, 1 Cranch [5 U. S.] 259; Genet v. Tallmadge, 1 Johns. Ch. 5.

R. J. Brent, contra, cited the cases in 7 Johns. Ch., Gen. Index, p. 105.

Verdict for the plaintiff. The defendant took bills of exception, and writ of error, but did not prosecute it.